UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HECTOR FUENTES,

        Petitioner,
  v.

THOMAS GRIFFIN,

        Respondent.

9:18-CV-0238
(DNH/ATB)

---

APPEARANCES:

HECTOR FUENTES
Petitioner, pro se
05-B-1046
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

OF COUNSEL:

DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I. INTRODUCTION**

On February 26, 2018, petitioner Hector Fuentes ("Fuentes" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and supporting exhibits, as well as an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits; Dkt. No. 2, IFP Application.

**II. DISCUSSION**

At the outset, Fuentes's IFP application reflects that he qualifies to proceed without paying the statutory filing fee. Accordingly, his application is granted. However, for the reasons that follow, this action must be transferred to the United States Court of Appeals for

the Second Circuit for consideration in the first instance.

## A. The Petition

Fuentes challenges a 2005 judgment of conviction in Onondaga County, upon a jury verdict, of three counts of second degree murder and other, related charges. Pet. at 1.[1] On direct appeal, the New York State Supreme Court, Appellate Division, Fourth Department, modified the judgment by directing that the sentences imposed on certain counts run concurrently to certain other sentences, rather than consecutively, and, as modified, affirmed. *People v. Fuentes*, 52 A.D.3d 1297, 1300-01 (4th Dep't 2008). The New York Court of Appeals denied petitioner leave to appeal on August 29, 2008. *Fuentes*, 11 N.Y.3d 736 (2008).

As he acknowledges, in November 2009 Fuentes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the state's judgment of conviction. Pet. at 3; *see Fuentes v. Lempke*, No. 9:09-CV-1325 (TJM/ATB) ("*Fuentes v. Lempke*"), Dkt. No. 1, Petition. As discussed below, that petition was denied, and the Second Circuit denied petitioner's motion for a certificate of appealability and dismissed his appeal. Pet. at 3; *Fuentes v. Lempke*, Dkt. No. 32, Decision and Order, filed June 27, 2011; Dkt. No. 36, Mandate, issued Mar. 14, 2012.

After these events, Fuentes states that on September 13, 2012, he filed a motion to set aside his sentence pursuant to New York Criminal Procedure Law ("CPL") § 440.20, and that, on January 13, 2013, the Onondaga County Supreme Court denied the motion without a hearing. Pet. at 3. The Fourth Department granted petitioner leave to appeal and, on June

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

10, 2016, affirmed the denial of his motion. *People v. Fuentes*, 140 A.D.3d 1656, 1656-57 (4th Dep't 2016). On November 14, 2016, the Court of Appeals denied leave to appeal, *Fuentes*, 28 N.Y.3d 1072 (2016), and on December 22, 2017, the Fourth Department dismissed petitioner's motion to reargue. *Fuentes*, 156 A.D.3d 1493 (4th Dep't 2017).

Fuentes contends that he is entitled to habeas relief on two grounds: (1) during his sentencing in March 2005, the state court sentenced him as a second felony offender without requiring the prosecution to file a second felony offender statement or giving petitioner "an opportunity to be heard or challenge the constitutionality of the prior conviction" (Ground One); and (2) the sentencing court improperly relied upon an old presentence investigation report in imposing the sentence, after the "parole officer" preparing a current presentence report "prematurely terminated" his interview with petitioner (Ground Two). Pet. at 5-8.

## B. Petitioner's Prior Habeas Petition

As noted above, Fuentes filed a federal habeas petition in this District in November 2009. In that petition, petitioner challenged the same 2005 conviction for murder and other, related charges in Onondaga County. *Fuentes v. Lempke*, Dkt. No. 1 at 1.

On April 6, 2011, United States Magistrate Judge Andrew T. Baxter issued a 71-page Report-Recommendation, recommending that the petition be denied because, contrary to Fuentes's contentions, (1) the trial court did not commit any error of constitutional dimension by not holding an evidentiary hearing prior to a witness's in-court identification of him, and, in any event, the appellate court properly concluded that any error was harmless, (2) petitioner's claims related to the trial court's jury charge presented no basis for habeas relief, (3) the state courts did not unreasonably apply clearly established Supreme Court

precedent in concluding that his statements to police officers were spontaneous and thus admissible, (4) his ineffective assistance of counsel claims did not warrant habeas relief, and (5) the state court's failure to hold a hearing on his first post-trial motion to vacate the judgment of conviction did not entitle him to habeas relief.  Dkt. No. 28 at 26-70, Report-Recommendation, filed Apr. 6, 2011.

In a Decision and Order filed on June 27, 2011, Senior United States District Judge Thomas J. McAvoy adopted the Report-Recommendation and denied and dismissed the petition.  Dkt. No. 32, Decision and Order, filed June 27, 2011.  On March 14, 2012, the Second Circuit issued a mandate, dismissing petitioner's appeal.  Dkt. No. 36, Mandate.

### C.  Analysis of Present Petition

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.

It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003)

(internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).

In this case, Fuentes's current petition is successive because he is challenging the same judgment of conviction that he challenged in his 2009 habeas petition, which was denied and dismissed on the merits in 2011. *Fuentes v. Lempke*, No. 9:09-CV-1325.

Moreover, there is no basis for concluding that Fuentes could not have raised in his earlier petition the grounds for relief asserted in his present petition. Both of petitioner's claims in his current petition relate to the imposition of his sentence in March 2005. *See* Pet. at 5-8.

Although Fuentes advanced these claims in state court by way of a CPL § 440.20 motion after his first habeas petition was filed and denied, those state court proceedings did not result in a new judgment. *Cf. Magwood v. Patterson*, 561 U.S. 320, 323-24, 331 (2010) (concluding that a habeas petition was not second or successive where it attacked a

resentencing and new judgment entered after petitioner's first habeas petition was conditionally granted).

Accordingly, this action will be transferred to the Second Circuit pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether Fuentes should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Petitioner's IFP application (Dkt. No. 2) is **GRANTED**;

2. The Clerk shall transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and

3. The Clerk shall serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: March 5, 2018
      Utica, New York.

_____
United States District Judge